UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JASON KEAL MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-176-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jason Meadows filed this Social Security appeal on June 2, 2016, pursuant to 42 U.S.C. § 405(g). [Record No. 1] Meadows did not to comply with the Court's Standing Scheduling Order, however. [*See* Record No. 13] Specifically, he did not file a motion for summary judgment, nor did he respond to the Commissioner's motion for summary judgment. Paragraph (3)(a) of the Standing Order reads: "**The Court shall deem a failure to respond to a motion in a timely fashion as a waiver and/or admission of its contents**. *See Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008))." [*Id.*] The Court will keep its word.

Meadows' current application for benefits was filed on July 15, 2009.[2] [Tr. at 305] The application alleges a disability beginning on June 25, 2007, based on degenerative disc

---

[1]   As of January 23, 2017, Nancy A. Berryhill is the Acting Commissioner of Social Security, and is hereby substituted as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2]   Past applications for benefits were filed in 1997, 2004, and 2007. [Record No. 21 at 1; Tr. at 10] All were denied. [*Id.*]

disease, bilateral foraminal stenosis, anxiety disorder, angina, borderline intellectual functioning, and ADHD. [Tr. at 305, 341] Meadows' application was denied initially and upon reconsideration. [Tr. at 119, 135] He then pursued his administrative remedies, including an administrative hearing before an ALJ, and a written decision. [Tr. at 136, 69]

Upon review by the Appeals Council, Meadows' application was remanded to the ALJ for further proceedings. [Tr. at 156] Specifically, the Appeals Council found that the period of review should not predate July 24, 2008, which is the date of Meadows' unfavorable ALJ decision from his previous application. [Tr. at 157] The Appeals Council noted inadequate evaluation of consultative examiner Dr. James C. Owen's opinion, which set forth more restricted ability than the residual functional capacity ("RFC") assessed by the ALJ. [*Id.*]

On remand, the ALJ was told to further consider the claimant's maximum RFC. [Tr. at 158] More specifically, the ALJ was instructed to provide a rationale for the finding which included specific references to record evidence, and to obtain supplemental evidence from a vocational expert, if necessary. [*Id.*] In light of this remand, a new administrative hearing was held on September 22, 2014. [Tr. at 25-64] A vocational expert was again consulted, and new evidence was accepted. [*Id.*] The ALJ again issued an unfavorable decision which became final when the Appeals Council denied review. [Tr. at 1, 18] Meadows now appeals that adverse decision, having filed a Complaint pursuant to 42 U.S.C. § 405(g). [Record No. 1]

The Commissioner timely answered the Complaint, and the Standing Scheduling Order was entered. [Record Nos. 11, 13] The Standing Order dictates that the plaintiff shall move for summary judgment or judgment on the pleadings within sixty days of the Commissioner's answer and filing of the administrative record. [Record No. 13 at ¶ (4)] Meadows did not do so. Rather, on the day his dispositive motion was due, Meadows moved for an extension of

time. [Record No. 14] According to paragraph 4 of the Standing Order: "[e]xtensions of time . . . may be granted only if good cause is shown." Despite this admonition, the claimant provided no reason for why the extension was necessary. As a result, the extension request was denied. [Record No. 15] Meadows was advised that he could respond to the Commissioner's motion for Summary Judgment, within fourteen days after its filing. [*Id.*] The Commissioner thereafter sought clarification of its deadline to file a motion, and sought an additional fourteen days to do so. [Record Nos. 17, 19] Of course, without a brief from the Commissioner, the claimant would not have an opportunity to respond, and the Court would be without any substantive briefing. Therefore, the Court provided the government with an additional ten days to file its brief. [Record No. 20] The Commissioner complied and filed a motion for summary judgment on December 19, 2016. [Record No. 21] The claimant, unfortunately, did not file a response nor did he seek additional time to do so.

The claimant's failure to file a substantive brief leaves the Court in a precarious position. On one side, the Court has nothing more than a bare-bones Complaint (typical of a Social Security appeal), and on the other, the Commissioner's motion summarizing the record evidence and arguing that the ALJ's decision is supported by substantial evidence. To be sure, the Complaint alleges that: "The conclusion and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." [Record No. 1 at ¶ 7] But this is hardly a basis for a decision so holding. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997). Moreover, the Standing Order dictates, at the very least, that the Court treat the arguments raised in the Commissioner's brief

as waived.  "The Court *shall* deem a failure to respond to a motion in a timely fashion as a waiver and/or admission of its contents."  [Record No. 13 at ¶ (3)(a) (emphasis added)]

The Sixth Circuit has yet to decide the import of a Social Security claimant's failure to file a substantive brief.  *See Caldwell v. Comm'r of Soc. Sec.*, No. 15-13015, 2016 WL 4150031, at *4 (E.D. Mich. June 30, 2016) (noting the open question and collecting cases), *report and recommendation adopted,* No. 15-CV-13015, 2016 WL 4089210 (E.D. Mich. Aug. 2, 2016).  The prevailing norm is to apply "obvious error" review.  *Id.* (citing *Crist v. Comm'r of Soc. Sec.*, No. 13-CV-14008, 2014 WL 2931412, at *2 (E.D. Mich. June 27, 2014)); *see also Moody v. Astrue*, No. 2:10-CV-0084, 2011 WL 335863, at *1 (S.D. Ohio Jan. 31, 2011) (applying an "obvious error" standard); *Mosely v. Astrue*, No. 2:12-CV-836, 2013 WL 1316013, at *1 (S.D. Ohio Mar. 28, 2013) (same), *aff'd* (Jan. 29, 2014) (affirmance on the merits).

An example of an "obvious error" is when the ALJ fails to provide certain analysis and it is "impossible to determine whether substantial evidence supports the ALJ's analysis without th[at] analysis."  *Caldwell* 2016 WL 4150031, at *4, (quoting *Beden v. Comm'r of Soc. Sec.*, No. 2:14-CV-14727-MAG-PTM, 2015 WL 5965006, at *12 (E.D. Mich. Sept. 18, 2015) (distinguishing prudential and jurisdictional matters, the former of which cannot be waived) *report and recommendation adopted*, No. 14-CV-14727, 2015 WL 5936324 (E.D. Mich. Oct. 13, 2015).  For example, an ALJ's failure to determine whether the claimant met a listing is obvious error.  *Id.*

The above-cited cases applying the obvious error standard had *pro se* claimants.  *Pro se* plaintiffs are generally provided with more leeway, including application of the "liberal construction" standard.  *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (noting that *pro*

*se* filings are to be "liberally construed," and that *pro se* complaints "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) ("We are ever mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys."). Because Meadows is counseled, he is not entitled a less stringent standard, including for compliance with the Standing Order. After all, "it is not [the Court's] function to craft an appellant's arguments." *United States v. Phibbs,* 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993). However, rather than accept the Commissioner's brief as uncontested, the Court has reviewed the administrative transcript under the obvious error standard. Finding none, the ALJ's decision will be affirmed.

Meadows was 38 years old at the time of the initial ALJ decision. [Tr. at 141] He has a 12th grade education, and worked previously as a factory assembler, forklift operator, home health aide, newspaper worker, bagger, and cashier. [*Id.*] Meadows has also sought work during the pendency of the current disability application, working as recently as 2014 at a greenhouse. [Tr. at 13, 30] He claims he was let go after three months because they would not accommodate his inability to stoop. [Tr. at 46-47] Meadows remains enrolled in nursing school at Maysville Community College, although he claims to struggle. [Tr. at 30] He is able to drive, shop, and pay bills. [Tr. at 14] He cares for his personal hygiene, helps his children dress, changes baby's diapers, and can push his children on the swings at a park. [Tr. at 14, 43] He can also lift his son, who weighs 26 pounds. [Tr. at 52] Meadows is not on any pain medication, and is not being treated by a physician for that purpose. [Tr. at 44]

Meadows seeks disability payments based on alleged degenerative disc disease, bilateral foraminal stenosis, anxiety disorder, angina, borderline intellectual functioning, and

ADHD. [Tr. at 305, 341] The ALJ found the following severe impairments: neck and low back pain secondary to degenerative disc disease of the lumbar and cervical spine with disc bulges and protrusions at L4-L5, L5-S1, C5-C6, and C6-C7 levels; borderline intellectual functioning; major depressive disorder; anxiety disorder; and migraine headaches. [Tr. at 13] The ALJ considered listing 1.02, 1.03, 1.04, 1.06, 1.07, 12.04, 12.05, and 12.06. [Tr. at 14-15, 144-47] The ALJ provided reasoned explanation for why Meadows' conditions do not meet or medically equal any of these appropriately-considered listings. [*Id.*]

The record contains no opinions from treating physicians. However, the Appeals Council remanded Meadows' case back to the ALJ for a more thorough evaluation of consultative examiner Dr. James C. Owen's opinion. [Tr. at 341] In the renewed decision, the ALJ discussed that Dr. Owen was a hired examiner conducting his medical evaluation at Meadows' attorney's request. [Tr. at 16] He noted Dr. Owen's finding that claimant exhibited a positive straight leg raising while supine, but a negative straight raise while sitting, which is usually a sign of exaggeration of symptoms. [*Id.*] The ALJ adopted his previous findings after new medical evidence provided little guidance. [*Id.*] As the Commissioner points out, Dr. Owen's opinion was inconsistent with other evidence, including Meadows' lack of pain-medication treatment, and the report contradicting Meadows' own statement about the length of time for which he can walk and stand. [Record No. 21 at 7]

The absence of sufficient objective medical evidence makes credibility determinations particularly relevant. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "[T]his court will generally defer to the Commissioner's [credibility] assessment when it is supported by an adequate basis." *Id.* (citing *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990)). Here, the ALJ's credibility determination is adequately

supported. For one thing, "[i]n the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004). In fact, "[a] failure to do so may cast doubt on a claimant's assertions of disabling pain." *Id.* Apart from a short course of therapy in 2011, Meadows has not sought treatment *consistent with* disabling pain. The ALJ accordingly found Meadows' allegations of pain not fully credible.

In light of the credible evidence, the ALJ found that Meadows has the RFC to perform a limited range of light and sedentary work, except for no climbing of ropes, ladders, or scaffolds; occasional climbing of stairs and ramps; occasional stooping, kneeling, crouching or crawling; and no exposure to concentrated vibrations or industrial hazards. [Tr. at 15] Meadows "requires entry level work with simple 1-2-3 step procedures, no frequent changes in work routines, no requirements for detailed or complex problem solving, independent planning or the setting of goals." [*Id.*] Further, "[h]e should work in an object oriented environment with only occasional and casual contact with the general public." [*Id.*] The vocational expert testified that a hypothetical individual with these limitations could perform the following occupations: inspector/grader/sorter, dental clerk, and hand picker at light exertion; and inspector/sorter at sedentary exertion. [Tr. at 17]

In conclusion, the ALJ's decision comports with the five-step process for evaluation outlined at 20 C.F.R. § 404.1520(a)(4). Despite his apparent pursuit of a nursing career and three-month employment at a greenhouse, the ALJ found that Meadows is not engaged in substantial gainful activity. It is agreed upon that Meadows cannot perform his past relevant work as a forklift operator or newspaper worker. He does not meet any of the disability

listings, and his residual functional capacity permits him to perform jobs existing in significant numbers in the national and regional economy.

Seeing no errors in the ALJ's decision, obvious or otherwise, the Court finds the ALJ's decision to be supported by substantial.  Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Nancy A. Berryhill's Motion for Summary Judgment [Record No. 21] is **GRANTED**.

2. The administrative decision will be **AFFIRMED** by a separate judgment entered this date.

This 27th day of March, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

.